IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CT-3218-M

| | |
|---|---|
| CORNELIUS BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KAYLA FOSTER, ROBERT ) | |
| DAUGHTRY, RONNIE INGRAM, and ) | |
| RYAN DAWSON, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a former state pretrial detainee proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983. (D.E. 1). The matter is now before the court for initial review under 28 U.S.C. § 1915(e)(2)(B). Also before the court is plaintiff's motion to proceed and for court order (D.E. 11).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

1

Plaintiff alleges that defendants violated his Eighth Amendment rights when he was placed in solitary confinement in Lenoir County Jail as a disciplinary measure. (Compl. (D.E. 1) at 5). Plaintiff spent a period of 30 days and a period of 60 days in solitary confinement on separate occasions. (Id. at 6). While in solitary, plaintiff was not allowed to have recreation time outside of his cell, contact with other inmates, personal phone calls to family or friends, or visits. (Id.).

On one occasion, plaintiff asserts that defendant Kayla Foster placed him in solitary on instructions of her superior. (Id. at 5). While in solitary, plaintiff wrote defendant Robert Daughtry ("Daughtry") requesting an hour of recreation time outside of his cell. (Id.). Defendant Daughtry refused the request stating that plaintiff could not have recreation time while in solitary. (Id.). Plaintiff then submitted a grievance, and defendant Daughtry again informed plaintiff that there was no recreation time for those in solitary confinement. (Id.). Plaintiff appealed the denial of recreation time to defendant Ryan Dawson, who responded by ignoring plaintiff's request. (Id.). Lastly, plaintiff makes the conclusory allegation that defendant Ronnie Ingram, Sheriff of Lenoir County, was aware of his officers' denial of recreation time and made no attempt to grant plaintiff relief. (Id.). Plaintiff provides no factual support regarding his claims against defendant Ingram.

Plaintiff sues defendant in both their individual and official capacities. (Id. at 3–4). As relief, plaintiff seeks to close the solitary unit in Lenoir County Jail, and $50,000.00 in damages from each defendant. (Id. at 8).

Regarding defendant Ingram, plaintiff contends that he is responsible for the actions and decisions of the staff at Lenoir County Jail. However, the doctrine of respondeat superior

2

generally does not apply to a § 1983 action. See Iqbal, 556 U.S. at 677; Monell, 436 U.S. at 694.

Instead, to establish § 1983 supervisory liability, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices . . ."; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

Here, plaintiff does not plausibly allege that defendant Ingram had actual or constructive knowledge of any such "pervasive" conduct or that there was an "affirmative causal link" between his inaction and any alleged constitutional injury. See id. Accordingly, plaintiff fails to state a claim against defendant Ingram, and thus, the claims against him are dismissed.

Plaintiff's remaining claims are not clearly frivolous. See Wilkins v. Gaddy, 559 U.S. 34, 37 (2010); Rivera v. Mathena, 795 F. App'x 169, 173 (4th Cir. 2019) ("The Eighth Amendment protects inmates from the 'cruel and unusual punishment' of depriving solitary confined inmates of showers and recreation."). Accordingly, plaintiff's claims survive initial review.

## CONCLUSION

Based on the foregoing, plaintiff's claims against defendant Ingram are DISMISSED. Plaintiff's remaining claims are ALLOWED to proceed. The United States Marshals Service is DIRECTED to proceed with service of process as to the remaining defendants pursuant to 28

3

Case 5:20-ct-03218-M    Document 12    Filed 11/15/21    Page 3 of 4

U.S.C. § 1915(d). Plaintiff's motion to proceed and for court order (D.E. 11) is DENIED as moot.

The clerk is DIRECTED to continue management of this case.

SO ORDERED, this 15th day of November 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
Chief United States District Judge