IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3218-M

CORNELIUS BARNES,        )
                         )
          Plaintiff,     )
                         )
v.                       )        ORDER
                         )
KAYLA FOSTER, ROBERT     )
DAUGHERTY,[1] and RYAN DAWSON, )
                         )
          Defendants.[2] )

This matter is before the court on the parties' cross-motions for summary judgment (D.E. 37, 43). Also before the court are plaintiff's motions to amend relief requested (D.E. 53), for order on motions for summary judgment (D.E. 54), and to expedite (D.E. 55). For the reasons stated below, plaintiff's motions are denied, and defendants' motion is granted.

PROCEDURAL HISTORY

On July 6, 2020, plaintiff, a former state pretrial detainee proceeding pro se, filed the instant action pursuant to 42 U.S.C. § 1983 alleging defendants did not allow him recreational time while housed in solitary confinement, in violation of the Eighth Amendment of the United States Constitution. (Compl. (D.E. 1) at 5–6). On November 15, 2021, the court conducted a frivolity review of the complaint and allowed the action to proceed against defendants Kayla Foster ("Foster"), Robert Daugherty ("Daugherty"), and Ryan Dawson ("Dawson"). (Nov. 15, 2021,

---

[1] Defendants provided that defendant Robert Daughtry's last name is incorrect and should be corrected to "Daugherty." The court will direct the clerk to make the requisite amendment on the docket.

[2] The court dismissed formerly-named defendant Ronnie Ingram on November 16, 2021.

Ord. (D.E. 12) at 3–4).

Plaintiff filed his instant motion for summary judgment on April 14, 2022. (Pl. Mot. for Summ. J. (D.E. 37)). In support, plaintiff relies on a brief in support, statement of facts, declaration in support of plaintiff's motion,[3] and an appendix of exhibits, which includes: (1) defendant Daugherty's grievance responses dated December 31, 2019, and June 15 and May 28, 2020; (2) letters from plaintiff to Daugherty and Daugherty's responses dated January 28, April 30, and May 25, 2020; (3) Quanisha Park's narrative dated March 25, 2020, indicating plaintiff was moved to solitary.

On May 5, 2022, defendants filed their instant motion for summary judgment relying on a memorandum in support, statement of material facts, and appendix of exhibits thereto, which includes: (1) defendant Daugherty's affidavit; and (2) grievances, incident reports, and narratives relevant to plaintiff. The next day, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff was provided notice of the motion for summary judgment and instructions for responding. (Roseboro Letter (D.E. 47)). Plaintiff was informed that he must respond to defendants' motion for summary judgment with

> affidavits (written statements signed before a notary public and under oath), declarations (written statements bearing a certificate that the statement is signed under penalty of perjury), deposition transcripts, discovery responses, sworn statements (bearing a certificate that the statement is signed under penalty of perjury) or other evidence in such a manner so as to persuade the court that a genuine issue of material fact remains to the determined.

(Roseboro Letter (D.E. 47) at 1).

---

[3] Although plaintiff denotes this document as a "declaration" there is no indication that it was sworn under penalty of perjury. Thus, it is not considered by the court. See 28 U.S.C. § 1746.

2

On May 25, 2022, plaintiff filed a memorandum in opposition of defendants' motion for summary judgment. Plaintiff relies on a statement of disputed facts and appendix of exhibits thereto, which includes: (1) defendant Daugherty's response to plaintiff's letter dated April 30, 2020; (2) Daugherty's responses dated November 5, 2019, May 28 and June 15, 2020, to plaintiff's grievances; (3) defendant Dawson's response dated June 16, 2020, to plaintiff's grievance appeal; (4) plaintiff's declaration;[4] (5) letter from plaintiff dated January 26, 2020; (6) Daugherty's response dated April 16, 2020, to plaintiff's request for hearing; (7) inmate disciplinary reports dated September 11 and 29 and October 31, 2019, and March 23, 2020; (8) narratives dates September 11 and October 31, 2019.

On July 14, 2022, plaintiff filed the instant motion to amend relief. On August 22, 2022, plaintiff filed the instant motion for order on the motions for summary judgment. On November 16, 2022, plaintiff filed the instant motion to expedite.

## STATEMENT OF THE FACTS

The facts of this case are largely undisputed and, viewed in the light most favorable to plaintiff, are summarized as follows.[5] During all relevant times, plaintiff was housed in Lenoir County Jail. (Def. Aff. (D.E. 46-2) ¶¶ 9–10). On December 30, 2019, plaintiff was transferred to solitary confinement because he was exposing himself to female staff and making vulgar

---

[4] As with plaintiff's declaration noted above, this declaration is also not sworn under penalty of perjury.

[5] Because plaintiff's declarations were not sworn under penalty of perjury, they are not considered by the court. See 28 U.S.C. 1746 (providing declarations must substantially include the following: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."). Moreover, plaintiff's complaint was not verified and, thus, is not considered by the court. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (concluding a verified complaint can defeat a motion for summary judgment). While plaintiff include a verified statement with his complaint, the statement sworn under penalty of perjury was limited to plaintiff's exhaustion of administrative remedies. (See Attach. to Compl. (D.E. 1-1) at 3).

3

comments. (Pl. App. to Mot. for Summ J. (D.E. 37-4) at 8; Def. Aff. (D.E. 46-2) ¶ 14).[6] The same day plaintiff was transferred plaintiff submitted a grievance stating he did not want two specific officers serving his food and he needed to phone his attorney. (Pl. App. to Mot. for Summ J. (D.E. 37-4) at 8). Defendant Daugherty responded,

> [Plaintiff,] you are on lockdown for continuing to expose yourself to the female officers. Officer Hardy has nothing to do with you being in on lockdown. You can write your attorney. You will remain on lockdown until it expires.

(Id. at 8).

On January 26, 2020, plaintiff submitted a letter to defendant Daugherty stating plaintiff should no longer be relegated to solitary. (Pl. Ex. E (D.E. 51-3) at 9). Defendant Daugherty responded that plaintiff was placed in solitary for continually exposing himself to female officers and making vulgar comments. (Id.). Plaintiff was released from solitary on January 31, 2020. (Def. Aff. (D.E. 46-2) ¶ 14). Plaintiff was not allowed recreation time while in solitary confinement. (Id. ¶ 16).

On March 23, 2020, defendant Foster submitted a disciplinary report placing plaintiff on lockdown until May 26, 2020, for indecent exposure and being disrespectful to staff. (Pl. Ex. K (D.E. 51-3) at 19; Def. Aff. (D.E. 46-2) ¶ 15). On March 25, 2020, plaintiff was transferred to solitary for a second time for continuing to expose himself to staff. (Pl. App. to Mot. for Summ J. (D.E. 37-4) at 5; Def. Aff. (D.E. 46-2) ¶ 15).

On April 30, 2020, plaintiff sent a letter to defendant Daugherty requesting an hour of

---

[6] Where plaintiff included the same exhibits in his motion for summary judgment and response to defendants' motion, the court cites only the exhibits submitted with plaintiff's response to defendants' motion for summary judgment. Where plaintiff only submitted an exhibit with his motion for summary judgment, it is explicitly noted in the citation.

4

recreational time. (Pl. Ex. A (D.E. 51-3) at 2; Def. Aff. (D.E. 46-2) ¶ 16). That same day, Daugherty responded that plaintiff would not receive recreational time while in solitary. (Pl. Ex. A (D.E. 51-3) at 1; Def. Aff. (D.E. 46-2) ¶ 16). On May 28, 2020, plaintiff submitted a grievance complaining that he should have been released from solitary on May 26, 2020. (Pl. Ex. G (D.E. 51-3) at 12). Defendant Daugherty responded that the officer in control of moving plaintiff back to general population overlooked plaintiff's release in the jail's system. (Id.). Defendant Daugherty contacted an officer and instructed the officer to place plaintiff back in general population. (Id.). Plaintiff remained in solitary until May 28, 2020. (Def. Aff. (D.E. 46-2) ¶ 15). While confined to solitary plaintiff was not allowed recreational time outside his cell. (Id. ¶ 16).

On June 9, 2020, plaintiff submitted a grievance complaining about not receiving recreational time while in solitary confinement. (Pl. Ex. B (D.E. 51-3) at 3). Defendant Daugherty responded on June 15, 2020, and reiterated that inmates in solitary were not allowed recreational time or contact with other inmates. (Id.). That same day, plaintiff submitted an appeal of his grievance to defendant Dawson. (Pl. Ex. C (D.E. 51-3) at 4). Dawson responded that plaintiff's placement in solitary was in accordance with the jail rules and policies, and the facility meets all required jail codes. (Id.).

## COURT'S DISCUSSION

A.  Legal Standard

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). For cross-motions for summary judgment, the court "consider[s] each motion

5

separately on its own merits to determine whether [any] of the parties deserves judgment as a matter of law." Defs. of Wildlife v. N.C. Dep't of Transp., 762 F.3d 374, 392 (4th Cir. 2014). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 247–48, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). To determine whether a genuine issue of material fact exists for trial, the court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 378 (2007).

B.  Analysis

As noted, plaintiff alleges defendants violated his Eighth Amendment rights by denying him recreational time outside his cell while he was housed in solitary confinement. (Compl. (D.E. 1) at 5-7). Courts evaluate pretrial detainee conditions of confinement under the Fourteenth Amendment's Due Process Clause. Kingsley v. Hendrickson, 576 U.S. 389, 400– 01 (2015); Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021). However, this analysis is materially indistinguishable from an Eighth Amendment analysis. Brown v. Harris, 240 F.3d 383, 388–89 (4th Cir. 2001); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) ("The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner."). The Eighth Amendment "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 296–97 (1991)

6

(internal citation omitted). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted).

The first prong requires that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (quotation and emphasis omitted). "[T]o demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotation marks omitted). In order for lack of recreation to rise to the level of a constitutional violation, "an inmate must show specific harm resulting from the deprivation and a complete denial for an extended period of time." Brown v. Lamanna, 304 F. App'x 207, 207 (4th Cir. 2008); see also Mitchell v. Rice, 954 F.2d 187, 189, 192–93 (4th Cir. 1992) (determining imposition of seven months without recreational time presented a genuine issue of material fact in constitutional claim); Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir. 1989) (concluding denial of recreation time for a period of thirteen days did not rise to the level of a constitutional claim). When determining whether a plaintiff has demonstrated a substantial deprivation for loss of recreational time, courts should look at the totality of the circumstances and "consider . . . the length of the deprivation, the availability of recreation within the cell, and whether the inmate suffered any ill health effects as a result of the deprivation." Barndt v. Wenerowicz, 698 F. App'x 673, 677 (3d Cir. 2017) (citing Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992); Rodgers v. Jabe, 43 F.3d 1082, 1086 (6th Cir. 1995); Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir.

1983)); see also Rivera v. Mathena, 795 F. App'x 169, 173 (4th Cir. 2019) ("Looking at the "totality of the circumstances," including the duration of harm, is important in determining an Eighth Amendment violation.").

The second prong requires a showing that "the officials acted with a sufficiently culpable state of mind." Strickler, 989 F.2d at 1379 (quotation and emphasis omitted); see Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

Here, defendants argue plaintiff has failed to demonstrate he suffered any harm in losing his recreational time while housed in solitary confinement. (Def. Mem. in Supp. (D.E. 44) at 9-11). The court agrees. Plaintiff served two fixed periods in solitary, one for 33 days and the other for 65 days, and was free to exercise in his cell. (Daugherty Aff. (D.E. 46-2) ¶¶ 14–16). Moreover, plaintiff has produced no evidence that he has suffered specific injuries, physical or mental, related to being denied recreational time while in solitary confinement. Accordingly, plaintiff has failed to establish the first prong of an Eighth Amendment conditions of confinement claim and, thus, failed to establish a genuine issue of material fact. Strickler, 989 F.2d at 1381 (affirming summary judgment where inmate failed to come forward with any evidence he sustained "serious or significant physical or emotional injury as a result of" the alleged conditions).

## CONCLUSION

For the reasons discussed herein, the court GRANTS defendants' motion for summary judgment (D.E. 43) and DENIES plaintiff's motion for summary judgment (D.E. 37). Plaintiff's

8

motions to amend relief requested (D.E. 53), for order on summary judgment (D.E. 54), and to expedite (D.E. 55) are DENIED AS MOOT. The clerk is DIRECTED to correct the docket as provided in footnote one and close this case.

SO ORDERED, this the 30th day of March, 2023.

*Richard E. Myers II*
RICHARD E. MYERS, II
Chief United States District Judge

9

Case 5:20-ct-03218-M   Document 58   Filed 03/30/23   Page 9 of 9